# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Ria Sanchez,<br><br>    Plaintiff,<br><br> – against–<br><br><br>Account Discovery Systems, LLC.,<br><br>    Defendant(s). | Index No.  15 CV 1360<br><br>**PLAINTIFF'S COMPLAINT** |

Plaintiff RIA SANCHEZ, by and through her attorneys, Brighton Law Group, P.A., complaining of the Defendant, hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

**PARTIES**

2. Plaintiff Ria Sanchez is an adult residing at 9670 Dee Road, Apt. 306, Des Plaines, Illinois 60016.

3. Defendant Account Discovery Systems, LLC (Account Discovery Systems) is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 495 Commerce Drive, Amherst, New York 14228. The principal purpose of Defendant is the collection of debts

using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## FACTUAL ALLEGATIONS

6. Account Discovery Systems attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Comenity Bank.

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

8. On March 17, 2014 at approximately 11:40 a.m., Account Discovery Systems contacted Plaintiff via telephone left a voicemail for Plaintiff stating that there are a "series of discrepancies at [their] office" with Plaintiff's "name and social security number" and demanded to speak with Plaintiff and/or her attorney before the end of business hours that day.

9. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

10. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

11. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

12. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

## CAUSE OF ACTION
(Fair Debt Collection Practices Act)

13. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 13 herein.

14. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

15. Defendant Account Discovery Systems violated provisions of the FDCPA, including, but not limited to, the following:

16. FDCPA §1692e(11) prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt including if the communication is oral failure to disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

17. Defendant failed to properly disclose that the communication was from a debt collector attempting to collect on a debt and any information obtained will be used for that purpose and therefore violated the FDCPA.

18. FDCPA §1692d(6) prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt including the placement of telephone calls without meaningful disclosure of the caller's identify.

19. Defendant failed to properly identify or disclose its name, Account Discovery Systems and therefore violated the FDCPA.

20. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up $1,000, attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands that judgment in the sum of $10,000 be entered against Defendants as follows:

1) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4) That the Court grant such other and further relief as may be just and proper.

Dated: February 12, 2015
New York, New York

                        **Brighton Law Group, P.A.**
                        By: /s/ Alla Vigdorchik
                        Alla Vigdorchik, Esq.
                        30 Broad Street, 14th Floor, # 1455
                        New York, NY 10004
                        Tel (646) 417-5333
                        Fax (866) 564-5750
                        alla.v@brighton-law.com
                        Attorneys for Plaintiff